JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
11/10/10**

In re

ROBERT GLENN CHAMBERS
and ELAINE DOLORES CHAMBERS,

Debtor(s)

Case No. A-07-00572-HAR
In Chapter 7

MEMORADUM DECISION REGARDING LIEN AVOIDANCE UNDER 11 USC § 522(f)(2)(A)

Black & Decker will retain a $6,280.50 judgment lien against the interest of Robert only in the debtors' home.  The balance of Black & Decker's lien and two other liens will be avoided.

Debtors filed an amended motion to avoid three judgment liens against their home.[1]  The home was valued at $225,900 on the petition date, encumbered by $197,654.56 for two deeds of trust on the home, leaving a little over $30,000 equity.  There is also a $27,363 tax lien on the property against Elaine only.  At the time, the homestead exemption was $67,500.[2]

The motion sought to avoid three liens:

| Creditor | Case No. | Amount | Recorded |
|---|---|---|---|
| Black & Decker | 3AN-06-10974 CI | $7,101.39 | January 8, 2007, Serial No. 2007-001374-0 |
| Makita U.S.A. | 3AN-07-6509 CI | $13,111.22 | October 22, 2007, Serial No. 2007-066231-0 |
| Milwaukee Electric Tool Corporation | 3AN-06-13524 CI | $4,239.95 | March 27, 2007, Serial No. 2007-018208-0 |

---

[1] Docket No. 39, relying on 11 USC § 522(f)(2)(A).

[2] AS 09.38.010.

Black & Decker did not respond to the motion and the court entered an order avoiding its lien in July 2009.[3] This was not, however, a final judgment since multiple parties were involved.[4]

Makita and Milwaukee Electric filed an opposition stating that their liens were not fully avoided when their liens were properly applied to the fractional share of Robert Chambers. They say that the value of the home at the time of the motion had increased to $232,400 (as opposed to $225,900), and there was $9,530.50 equity in Robert's share of the home, because the $27,363 tax lien is only against Elaine.[5] They calculate the portion of Robert's share which is still subject to their judgment liens as follows:

```
Half interest in the home at the $232,400 value . . . . . . . . . . . . . . . . . . . . $116,200.00
Less half of 1st mortgage  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -47,919.50
Less half of 2nd mortgage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -25,000.00
Less Robert's share of homestead exemption  . . . . . . . . . . . . . . . . . . . . . -$33,750.00
Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $9,530.50
```

The debtors responded that the value of the property should not be increased as creditors argue, and that a plain reading of § 522(a)(2)(A) allows reduction of the full amount of the mortgage encumbrance against each of the debtor's interests (a form of double dipping in concept).[6] The debtors, however, concede that the 9th Circuit BAP favors the statutory interpretation of the lien claimants on this issue.[7] I will follow the BAP decision.

Neither party requested a hearing or lodged a proposed order until November 9, 2010, so this matter dropped off the court's radar.[8] Debtors finally lodged an order for the denial of the

---

[3] Docket No. 44.

[4] FRBP 7054, incorporating FRCP 54(b).

[5] Docket No. 41.

[6] Docket No. 43.

[7] All Points Capital Corp. v Meyer (In re Meyer), 373 BR 84 (9th Cir BAP 2007).

[8] Alaska LBR 9021-1 (a)(2) is a mnemonic device to remind the court of a pending motion, when no hearing has been requested. It is notice to the court that it should rule on the basis of the pleadings.

MEMORADUM DECISION REGARDING LIEN
AVOIDANCE UNDER 11 USC § 522(f)(2)(A)                                                                            Page 2 of 3

remaining two liens. I decline to enter that order, but will enter one denying the two liens of Mikita and Milwaukee Electric and reinstating the lien of Black & Decker, not to exceed $6,280.50 against Robert's share of home only, calculated as follows:

```
Value of the home on petition date .............................. $225,900.00
Less 1st mortgage .................................................. -95,839.00
Less 2nd mortgage ..................................................  -50,000.00
Total equity after mortgages ...................................... $80,061.00
Robert's share of equity ........................................... $40,030.50
Less Robert's share of homestead exemption ...................... -$33,750.00
Total .............................................................. $6,280.50
```

The rationale for undoing the default order against Black & Decker is found in the In re Meyer case.[9]

Both parties used Municipality of Anchorage tax assessed values as an approximation of fair market values, and I have adopted this implicit decision given the cost of proving actual values. That said, I adopted debtors' position that I should use the value at the filing date, and not the enhanced value. Avoiding the liens in reverse order (the oldest first), ironically, the objectors, Mitaka and Milwaukee Electric lose out, and the defaulter, Black & Decker, winds up retaining most of its lien, to the extent of $6,280.50, against Robert's interest in the home.

The court will enter an order implementing this decision and vacating its previous order avoiding Black & Decker's lien in total.[10]

DATED: November 10, 2010

                                                /s/ Herb Ross
                                                HERB ROSS
                                            U.S. Bankruptcy Judge

Serve:
David Bundy, Esq., for debtors
Chris Johansen, Esq., for debtors
Richard Ullstrom, Esq., for Mikita and Milwaukee Electric
Black & Decker, 701 Voppa Road, MY005, Towson, MD 21286
Jeffrey Van Abel, Esq., 724 East 15th Ave., Ste. 1, Anchorage, AK (courtesy copy for Black & Decker)
Larry Compton, Trustee
United States Trustee-Anchorage                                                                           D7423
                            11/10/10

---

[9] Id.

[10] Docket No. 44.